UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,

v.

ANTOINE D. ALLEN.

Criminal Action No. 3:03–CR–394-31
Civil Action No. 3:12–CV–384

## MEMORANDUM OPINION

THIS MATTER is before the Court on *pro se* Petitioner Mario Allen's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") (Doc. No. 1320). For the reasons stated below, the Court DISMISSES Allen's § 2255 Motion.

## BACKGROUND

On March 4, 2004, Allen and seventeen other individuals were indicted in a two-count Third Superseding Indictment for conspiracy to violate the racketeering influenced and corrupt organizations (RICO) act, in violation of 18 U.S.C. § 1962(c), and conspiracy to possess with intent to distribute and to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846. The RICO count charged that Allen conspired to commit multiple acts involving murder, in violation of Virginia Code sections 18.2-18, 18.2-26 & 18.2-32, and multiple acts involving drug trafficking, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), & 846. Following a seven day trial, a jury found Allen guilty of both counts charged in the Third Superseding Indictment on August 3, 2004. On November 17, 2004, this Court sentenced Allen to a term of life imprisonment on each count to be served concurrently to each other and with his then-

1

present state sentence on related charges. Allen timely appealed to the Fourth Circuit, which affirmed his sentence on March 21, 2006. *United States v. Batts*, 171 F. App'x 977 (2006). The Fourth Circuit's judgment became final on April 21, 2006. Allen subsequently filed a petition for writ of certiorari in the United States Supreme Court, which was denied on October 2, 2006. *Allen v. United States*, 549 U.S. 865 (2006).

On July 15, 2010, Allen filed a motion entitled "Petition for Relief Not to be Construed as a Second and Successive 2255 Motion" (Doc. No 1209). Despite the motion's captioning, the Court construed the motion as a petition for "Relief Pursuant to 28 U.S.C. § 2255" (Doc. No 1242). The Court further found the petition was untimely filed more than one year after Allen's conviction became final under 28 U.S.C. § 2255(f)(1). Before dismissing the petition as untimely, however, the Court provided Allen thirty days to respond and demonstrate that equitable tolling was warranted under *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Allen responded, arguing the statute of limitations should be equitably tolled because he was unaware of the statute of limitations and was incarcerated in a state facility without access to federal materials (Doc. No. 1248). The Court found Allen's was not entitled to equitable tolling and dismissed Allen's petition on June 21, 2011 (Doc. No 1259). Allen filed a response to the Court's Order, asking the Court to dismiss the petition, which the Court had previously dismissed, without prejudice (Doc. No. 1260). The Court did not take any action upon receipt of Allen's response.

On May 11, 2012, Allen filed the instant § 2255 Motion. In his § 2255 Motion, Allen alleges four grounds for relief:

> Ground One: The evidence does not support the verdict and the evidence is insufficient to ascertain a conviction of murder and a RICO Act violation.

> Ground Two: Counsel for the Petitioner rendered and provided to the Petitioner ineffective assistance and violated the Petitioner's constitutional rights.
>
> Ground Three: The Court allowed and permitted Petitioner to be tried on charges that are not made in the indictment against him.
>
> Ground Four: The Petitioner is actually innocent of the charged offenses of his indictment.

Each of the four grounds argues in various fashions that Allen's constitutional rights were violated because he alleges he was convicted of murder, which was not charged in the indictment.

## DISCUSSION

### I. LEGAL STANDARD

Under 28 U.S.C. § 2255 ("§ 2255"), a prisoner in federal custody may attack his sentence on four grounds: (1) the sentence violates the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. § 2255; *see also Hill v. United States*, 368 U.S. 424, 426–27 (1962). A claim which does not challenge the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a "miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). To prevail under § 2255, the movant bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *United States v. King*, 36 F. Supp. 2d 705, 707 (E.D. Va. 1999). A *pro se* petitioner is held to a less exacting standard than an attorney in drafting his petition. *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). Therefore, the Court generously interprets Allen's factual allegations and legal contentions.

Petitions for collateral relief pursuant to § 2255 are subject to a one-year statute

of limitations. § 2255(f). Specifically, a petition under § 2255 must be filed within one year after the latest date on which (1) the judgment against the defendant became final; (2) any impediment to making the motion that was created by the government and violates the Constitution or laws of the United States was removed; (3) the Supreme Court first recognized the right the defendant claims, provided that the right applies retroactively to cases on collateral review; or (4) on which the facts supporting the defendant's claim could have been discovered by exercising due diligence. *Id.* A conviction becomes final when one of three events occur: (1) the opportunity to appeal the district court's judgment expires; (2) the defendant's opportunity to file a petition for a writ of certiorari from the appellate court expires; or (3) the United States Supreme Court denies the inmate's petition for a writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 524–25, 532 (2003).

The one-year limitation period has been construed as a statute of limitations rather than a jurisdictional bar. *See Day v. McDonough*, 547 U.S. 198, 205 (2006). Lack of timeliness is an affirmative defense, *United States v. Blackstock*, 513 F.3d 128, 133 (4th Cir. 2008), and subject to equitable tolling. *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000). A finding of equitable tolling is proper in "'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000)). For equitable tolling to apply, an otherwise time-barred petitioner must demonstrate (1) that he has been pursuing his rights diligently, and (2) extraordinary circumstances stood in his way and prevented timely filing. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace*, 544 U.S. 418); *see also United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)

(en banc)).

When a petition for relief under § 2255 is successive to a prior petition under § 2255, the Court lacks jurisdiction to consider the successive § 2255 petition without prior authorization from the Fourth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

## II. ANALYSIS

The Court finds Allen's § 2255 Motion is successive and DISMISSES it for lack of jurisdiction. In 2010, Allen filed a "Petition for Relief not to be Construed as a Second or Successive 2255 Motion," which the Court construed as a petition for relief under § 2255. The Court dismissed the petition as untimely on June 21, 2011. Without seeking permission from the Fourth Circuit, Allen now raises virtually the same challenges to his conviction in his current § 2255 Motion. Because the Fourth Circuit did not grant Allen permission to file a successive § 2255 Motion, this Court lacks jurisdiction over the current § 2255 Motion.[1] § 2244(b)(3)(A). The Court therefore DISMISSES Allen's § 2255 Motion for lack of jurisdiction.

---

[1] Even if the Court were to determine Allen's § 2255 Motion is not successive, it would be dismissed as untimely. Allen's conviction became final on October 2, 2006, when the Supreme Court denied his petition for a writ of certiorari. *See Allen*, 549 U.S. 865; *Clay*, 537 U.S. 524–25, 532. Allen's § 2255 Motion was untimely filed on May 11, 2012, more than one year after his conviction became finalized. § 2255(f)(1). (Subsections 2 through 4 of § 2255(f) are not implicated in this case.) Allen's § 2255 Motion would therefore be dismissed unless he is entitled to equitable tolling of the statute of limitations. Though Allen argues he is entitled to equitable tolling because he was housed in a state facility without access to federal materials, as the Court previously noted, a prisoner's lack of access to legal materials due to his placement in a state facility is insufficient to justify equitable tolling. Order June 21, 2011 (␣0c. No. 1259) (citing *Potter v. United States*, No. 1:03cr595, 2007 U.S. Dist. LEXIS 15716, at *15 (E.D. Va. Mar. 5, 2007)). Allen's alternate argument that his counsel hindered his § 2255 filing by not telling him about the statute of limitations or that his appeal was no longer pending before the Supreme Court also fails because "[i]gnorance of the law is not a basis for equitable tolling." *Sosa*, 364 F.3d at 512. Further, this Court's order in April of 2011 made clear that Allen's conviction had been final for over one year. The instant § 2255 Motion was filed more than one year after this Court informed Allen of all the facts of which he was allegedly unaware. This is therefore not one of "'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Hill*, 277 F.3d at 704 (quoting *Harris*, 209 F.3d at 328 n.1).

### III. CERTIFICATE OF APPEALABILITY

A district court that enters a final order denying a § 2255 motion must grant or deny a certificate of appealability. Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Miller-El*, 537 U.S. at 336–38 (citing *Slack*, 529 U.S. at 484). For the reasons stated more fully above, no law or evidence suggests Allen is entitled to further consideration of his claims. Accordingly, the Court DENIES a certificate of appealability.

### CONCLUSION

For the reasons stated above, the Court DISMISSES Allen's § 2255 Motion and DENIES a Certificate of Appealability.

Let the Clerk send a copy of this Memorandum Opinion to Mr. Allen and all counsel of record.

An appropriate order shall issue.

_____/s/_____
James R. Spencer
United States District Judge

ENTERED this __16th__ day of April 2013.